and Banda, and the next case is Michael Horton v. Gilchrist and Banda. Christopher Burkhalter is here for the appellate Horton. George Muirhead is here for the appellees. And Mr. Burkhalter, you may begin when you're ready. Thank you, Your Honor, and may it please the Court, this case presents a single issue on appeal. Whether Mr. Horton should have been afforded an opportunity to amend his complaint before it was dismissed with prejudice in the district court. And this Court's precedent is crystal clear that he should have. This case arises from… I just don't buy that. So, I mean, at the very least, you could say the precedent supports your position. But have we ever said that at summary judgment, a district court has to sua sponte, give leave to amend a complaint? You have not said that it's summary judgment. Okay, why would we say that? I guess, you know, and here's the thing. Once you're at summary judgment, then evidence is what matters, not the allegations of a complaint. So why would we extend the bank's rule to say that even at summary judgment, a district court has to sua sponte, give leave to amend? I think that the bank rule would not be extended to all summary judgment proceedings. I think in this instance, as the State has conceded in their brief, the special report and answer procedure kind of takes the place of a motion to dismiss. There is no 1236 motion in these types of cases. So the ordinary procedures by which the bank instruction would be given is not present in these cases. So it's supplanted by the special report and answer. And in those instances, I think the bank instruction, the court's precedent is clear that before the… Yes, so the special report and answer, though, is an evidentiary gathering method, which, you know, I don't know. I mean, frankly, that's kind of a controversial method. But at the end of the day, the magistrate judge compels the State to produce evidence and then based on that evidence, you know, decides what to do with the case. And I guess that's where I see a disconnect between your argument and what actually happens is that if we're at the allegation stage, and I think it makes perfect sense to say, look, I'm in your complaint. You can make new allegations, whatever you want to, in response to this thing that the government said. But when we're at the evidence stage, the allegations don't even matter. I mean, he could have alleged all sorts of different stuff, and it doesn't matter because the evidence is what matters. I think two points. One, the bank instruction has been given at the end of a special report and answer procedure in which the motions were—the special reports were converted to motions for summary judgment. And that case is at least one. The case that I found was Lloyd v. Brown. And in that instance, the court, just as here, faces a pro se prisoner allegation. The court ordered the defendants to produce a special report and answer, converted that to a motion for summary judgment, and nonetheless gave a bank instruction and allowed the inmate to amend his complaint. What case is that again? Lloyd v. Brown. Right, so that's from the Southern District of Alabama. Yes. And I mean, I don't think—I mean, look, I think I have—I support district judges and their efforts to understand these complaints and to handle them in an efficient and, you know, a good way. You know, it's one thing to say that a judge in the Southern District of Alabama can do this if he wants to, which he absolutely could. It's another thing to say that it's—as a rule for the Eleventh Circuit, that district judges have to do this or they'll be reversed. I think more to that point. There's never been a case that limited the bank instruction to the motion to dismiss stage. The instructions given by the Eleventh Circuit in binding precedent has always been that a pro se litigants are afforded extra leeway. They may not understand the intricacies of a Title VII complaint. That's from Woldeab. And here we have a qualified immunity defense that's going to be raised. So there's no less an intricate pleading standard that would need to be met here in order to survive. I think another point would be as a policy matter, this bank instruction affords pro se litigants the opportunity to correct deficiencies in their complaint. Here, the only evidence that the magistrate judge considered on behalf of Mr. Horton was the allegations in his complaint. And so those—the magistrate clearly found them insufficient. But the reason that happened is because the magistrate judge told him in an order, we're at the summary judgment stage. You need to make filings with, you know, under penalty of perjury or as an affidavit. And he just didn't do that, right? Had he signed this thing that he filed under penalty of perjury, then we'd be here on whether the—assuming the district court still granted summary judgment. We'd be here on whether there was a genuine issue of material fact, right? I think that's likely true. I think the bank instruction actually requires the court to state that there is a deficiency in the complaint. So I don't know, had the declaration been considered, that the district court's obligations under bank would have been discharged. So I'm not 100 percent certain that we would not be arguing at least that as part of the appeal. And then to the original point also, I think that those considerations that this court has given to pro se litigants on their ability to substantively support their complaint, file correct allegations, state a claim, that would be totally absent in these types of cases where you have a conversion to a special report and answer. There is no motion to dismiss. There would be no stage at which the district court would instruct these litigants that their complaint is deficient. And so those protections would not be afforded to this specific class of litigants that this court has applied to all pro se litigants. So I'm trying to figure out now, what is he—is he appealing— is he appealing the summary judgment or is he appealing the denial of his motion to amend this complaint? He is appealing the grant of summary judgment. The motion to amend the complaint that was denied was to add additional defendants. The court— So was there an opportunity to appeal the denial of his motion to amend his complaint? He would have had the opportunity to appeal the denial of the motion to add defendants. He never had the opportunity to amend his complaint to allege additional substantive allegations. All he wants is—he wants to—he wants to add to his complaint the allegations regarding the third strip search, right? That's correct. Which was—he's never been given an opportunity to do that. He's never had the opportunity to do that. No, sir. So all he's asking for is an opportunity to amend his complaint in order to complain about his third search, right? He wants to assert additional facts in connection with the third strip search. Yes, sir. Now you've gotten me confused. You just said he was appealing the denial of the summary judgment, right? Yes, Your Honor. Okay. Your argument is the district court should have sui sponte given him the opportunity to add additional facts to his complaint in response to the summary judgment motion? Yes, Your Honor. Well, to amend his complaint, not add facts, right? To file an amended complaint. To amend his complaint to allege additional facts in connection with the third strip search. That's all he's seeking to do? That's it. But your brief on appeal doesn't address the merits of the case. All it addresses is procedural issue. Your Honor, it does not address the court's analysis. It's almost like, well, the complaint is probably insufficient unless we go back. All you are dealing with is whether or not he should be allowed to amend. The complaint as alleged— You're not really a state cause of action?  We're not arguing, if I understand Your Honor correctly— The current complaint, you're not arguing that states a claim? No, Your Honor. Okay. You're only arguing that he should have been given sui sponte notice, allow him to amend that. He should have been afforded the opportunity to amend his complaint. And maybe I missed it. I thought you were just appealing the grant of summary judgment. And as part of appealing the grant of summary judgment, you say we should have sui sponte notice, should have been given, to amend the complaint. Whereas the motion to amend was just to add defendants. That's correct, Your Honor. Have I got that right? Yes, Your Honor. So you're not really appealing the motion to add the defendants, are you? No, Your Honor. Okay. So what you're appealing is the summary judgment. And as to the summary judgment, you're not going to the merits. You're going solely, as I saw you brief, to the one issue of whether there's a requirement in this case that before the district court could get to summary judgment, you had to give him sui sponte notice. That's the sole issue we have. Yes, Your Honor. And you say even with a conversion. See, I don't know whether district courts convert things all the time to summary judgment. So I don't know how we distinguish this. You're asking for a rule. Anytime you're converting something to summary judgment, you've got to treat it like a motion. You've got to give sui sponte notice to amend. I think the rule as announced in this court is that before a pro se litigants complaint case is dismissed with prejudice. This isn't a dismissal with prejudice. This is a ruling on merits. That's the difference. In every bank, all those cases, all on 12B6, all on a dismissal. You can't. It should not be considered unusual that most of the cases involving the bank instruction would be on motions to dismiss. But in this instance, as the state states, there is no motion to dismiss stage. That stage is skipped entirely. There could have been, but they just wasn't here. Well, the court ordered a special report and answer. So the special report is their responsibility. Yeah, but here's the, just to follow up on Judge Hull's question. I mean, it just seems like, just address this for me. It just seems like there's a mismatch between what the district court did, which is rule on an evidentiary basis, and the kind of relief that you're seeking, which is to amend the complaint. They skipped the motion to dismiss stage. So in some respects, you won the motion to dismiss. You got past the motion to dismiss. What's the connection between the, we, you know, it just seems like there are different fairness considerations to pro se litigants at the summary judgment stage than you would have at the complaint motion to dismiss stage. I think ordinarily that may be correct. But in this instance where the responsive pleading is the special report and answer, where the pro se litigant has not been afforded the opportunity to engage in ordinary discovery, there has been no expert report issued. There have been no depositions taken. There have been no interrogatories. There are no requests for admission. There are no requests for production. The only pleadings we have are the special report and answer, which supplants the motion to dismiss stage. It is true that Mr. Horton could have submitted a sworn affidavit, but the concerns that you would have in an ordinary summary judgment case where you've gone through all of discovery, where the depositions have been taken, where if there are expert reports they've been submitted, they're not present here. The special report is a 60-day procedure by which the defendants essentially investigate themselves and issue affidavits, their own evidence. Mr. Horton had none of those opportunities. And so while you agree with Your Honor. Wait a minute, he did. He gave him a time, 30 days, to respond to what the state had submitted. He had an opportunity to respond. That's correct, Your Honor. What I meant was Mr. Horton was not afforded the ordinary discovery that would take place before summary judgment in most instances. He did not have the opportunity to engage in that discovery. Did he ask for it? He did not. Okay. Well, he was pro se at the time, right? Yes, Your Honor. Okay, all right. Yeah. And so is there an opportunity to, when the court converted, when the court converted, I guess, the answer to a motion for summary judgment, did he have an opportunity to object to that? He had the opportunity to object to the motion for summary judgment, and he did supply his affidavit in response that was not considered because it wasn't sworn. However, he did not have the opportunity to engage in discovery, as you would normally have in a summary judgment hearing. And in that instance, where there is no motion to dismiss, where there has not been the typical discovery procedures, I think that the bank instruction, especially considering that in this instance the magistrate judge's report, which was adopted by the district court, only analyzes the complaint as alleged, the facts alleged in his complaint, Mr. Horne should have been afforded the opportunity to amend. And the case law that we cite is not qualified. It's not cabined to 12B6. It's not limited to those scenarios. It is a blanket rule that before a pro se litigant's case is dismissed, if there are deficiencies in the complaint, he should be allowed to amend those, and he was not in this instance. Let's assume that we're reviewing now the summary judgment and not the denial of a request to amend this complaint. Can you point us to any clearly established law that would place the officers on notice that it was unlawful to strip search him in front of female officers doing a safety-based search for contraband? Your Honor, I would say that the Padgett case that holds that a male prisoner has a right to bodily privacy that can be violated by allowing female correctional officers to view him in states of nudity, particularly when it's for an improper purpose, would clearly establish his right. And under the futility analysis that would be applicable here, the question is not whether he has alleged those facts, but whether he possibly could. And in this instance, Mr. Horton could allege facts that would show their purpose in the third strip search was improper. So what case would you point to that establishes clearly established law? What case is it that you would point to? The Padgett case establishes that his rights could be violated. And then the Mitchell case, which is not, it doesn't clearly establish it on itself, but it cites to, Mitchell's an unpublished decision, but it cites two published cases for the proposition that if an inmate is subjected to nudity in front of the opposite sex for an improper purpose, that that right to be free of that is clearly established at the time.  Thank you, Counsel. I want to make sure I have the timeline. This is a 2020 complaint, right? Yes, Your Honor. And so you go into he didn't have a chance for discovery, a file, whatever. But it looks like the special report was like two years later. That's correct. Okay. So Ann, I'm reading the special report. He says, the magistrate judge says, look, if you've asked for some things and they haven't given it to you, you need to tell me what they haven't given to you before you come and reply to this. So he had a chance, one, to file discovery, two, to, the judge even says, and look, if they haven't replied to your discovery or request for information, tell me before we go any further. And he didn't do that, right? Yes, that's correct, Your Honor. So I don't understand why that doesn't cut against, like somehow we quickly converted an answer to a motion. Well, one, the timeline is a bit deceiving in that first the magistrate judge dismissed the case because he was considering the wrong Mr. Horton. He said the complaint was frivolous and that Mr. Horton had previous litigation. And, in fact, he was looking at another inmate. So that's part of the timeline here. The second, he misspelled one of the defendant's names, and so that extended the timeline further. And then third, Defendant Gilchrist. Did your client have at least a year to make some requests? I would have to review the timeline again, specifically when both defendants had been served and he could have requested discovery. But, again, I would go back to the fact that he's pro se and those litigants may not understand the typical discovery procedures. Thank you. Mr. Muirhead. Your Honor, George Muirhead for the State of Alabama, and may it please the Court. Today the question is, should the Court extend the right to amend for a pro se plaintiff to the summary judgment stage? The answer is no, and for three reasons. The first reason is that Bank interprets Rule 15 to the 12B6 stage of litigation, and it goes no further. The second reason is that lower courts have never been compelled, not once, to sua sponte instruct pro se plaintiffs at the summary judgment stage of their deficient complaint. And the third reason is that even if this Court disagrees with me on the first two points, as applied to Mr. Horton, his amendment would still be futile. I'm going to quote Bank. It says, quote, where a more carefully drafted complaint might state a claim, a plaintiff must, it uses the word must, be given at least one chance to amend the complaint before the district court dismisses the action with prejudice, close quote. So he wasn't given one chance to amend the complaint before the district court dismissed the action with prejudice, was he? Yes, he was, Your Honor. Before the summary judgment stage was commenced, he was given the chance to add the correct defendant. Yeah. So, I mean, in Bank, though, the case was dismissed for failure to state a claim, right? So that's why, you know, Judge Wilson read, you know, before if you could draft a complaint to state a claim, you ought to have the opportunity to do so. Here, all agree that his complaint states a claim, right? No, Your Honor. Oh, you don't think it's, I mean, I think, I think the way the State won this is not by arguing that his complaint didn't state a claim, but they won it on the evidence, right? That even though his complaint stated a claim, the claim failed because the State presented evidence that the claim was incorrect. Yes, Your Honor. Right. It seems like your argument is that there's a mismatch between the Bank's procedure where the defendant is arguing that a complaint doesn't state a claim, and this case where the defendant is saying we have evidence that the claim fails. That the claim fails. I'm sorry, could you spell that out further, Your Honor? That the claim fails because it's inconsistent with the evidence of what actually happened. Well, yes. What he's stating in his claim is that I'm guessing you're going to the futility analysis, correct? Wherever you want to go. Take me there. I'm sorry. I'm not following, I suppose. Well, I will go to the third reason, and I think that's where we're being drawn to, to the idea of futility. Mr. Horton says, my friends on the other side say that the search was unreasonable, and when we go to whether that search was unreasonable, we look to four factors. The place of the search, the justification for the search, the manner in which the search was conducted, and the scope of the search. I believe my friends on the other side would focus on the justification and the place of the search, because when it comes to manner and the scope of the search, this court's case law and the Supreme Court's case law, and Bell v. Wohlfisch and Padre v. Donald and Harris v. Ostroff, pretty much says what transpired between Mr. Horton and the officers. The scope was acceptable. It was reasonable. It was a strip search that was a consequence. He wants to amend the complaint to add whatever he wants to do. So I don't know how going to futility helps us. Let's go back to why they were required to give, as he says, sua sponte notice to amend before they could convert it to summary judgment. Okay, Your Honor. Can you address that? So I am going to go back to Bank, and I think that is where we're going to stay. Bank itself at 1111 through 1112 says that it comprehends this rule only at the 12B6 stage of litigation. On a plain textual analysis, this court needs to go no further. The judgment in Bank says it comprehends only the 12B6 stage of litigation. He never filed a motion for leave to amend this complaint, did he? No, Your Honor. Okay. So the court just automatically converted the defendant's answer to a motion for summary judgment. So he was never given an opportunity, to go back to my original question, to file an amended complaint in order to complain about that third strip search. Am I wrong about that? You are correct about that, Your Honor. But, however, the special report Well, at any point during the pending, the litigation was pending for three years, I think, right? Yes, Your Honor. So at any point during that three-year litigation, he could have amended his complaint to say whatever he wanted to. Yes, Your Honor. And after the special report was converted to summary judgment, Rule 5060 was open to Mr. Horan at the time. What was the period of time between the filing of the answer and the conversion of the answer to a summary judgment? I mean, we're saying he had plenty of time to object. What was the period of time? The court just automatically, without giving him any notice whatsoever, just converted the defendant's answer to a motion for summary judgment. That's what happened in this case, right? The court didn't give him no instructions. They didn't leave him without instruction. He wasn't given any notice that the court was going to do that, right? Yes, Your Honor. Yes, he was. So when the special report was being converted to the summary judgment, the court sent him an instruction list on how he should respond to the summary judgment, and how he responded was in direct, was contrary to what the court told him to do. He entered an unsworn and unsigned declaration when the court specifically told him to make it signed and sworn, and that unsworn and unsigned declaration purported to inject new facts in the case. So, yes, he was instructed, Your Honor. Yes, he was instructed because it's a summary judgment. He was instructed about how to respond to a summary judgment motion, not about how to amend his complaint because it's a summary judgment. The relevant thing was for him to respond to the summary judgment motion. Correct, Your Honor. And also, if I can just go back to how this court has understood. If that's the case, then he was never given an opportunity to amend his complaint then. The court told him he can respond to my intention to convert the answer to a motion for summary judgment, but he was never given an opportunity to file an amended complaint. Yes, he was, Your Honor. He was allowed to list the correct defendant before the summary judgment stage. This court in Maldives says that's a part of the blank bank rule. This court in Silberman at 1133, 1131 said that's a part of the blank bank rule. He filed a motion to amend the complaint? Well, no. What he filed was under the bank rule to correct the deficiency in his complaint. He had amended his complaint before the summary judgment stage is what you're saying. Yes. I mean, he added, he tried to add some new defendants and the magistrate judge was like, you can't add those new defendants. They have nothing to do with this case. And then he changed the name of one of the defendants because he had sued the wrong person. Yes, Your Honor. So he knew how to amend the complaint. At any point during the litigation, if he wanted to, he didn't want to. Correct, Your Honor. So there's an order in the record to that effect? Yes, Your Honor. That I'm denying you an opportunity to amend your complaint? There's an order in the record to that effect? No, Your Honor. But, however, at page 43 of the appendix, you can see the order of the lower court directing him to amend his complaint, Your Honor. And if I may go into this court's published case law on how they've understood bank, besides the bank itself, at 11-11-3, 11-12, this court also in Wagner at 12-73, cites Murder King Corporation v. Weavers saying the reason they didn't apply bank in that case was because it was at the summary judgment stage of proceedings. They also did the same in Bankers v. Florida Residential Property. The reason they did not apply bank there was because it was at 12C motion for judgment on the pleadings. We're citing those cases not because, well, my friends on the other side would say, they would comment that, well, the court made that decision in the context of a counsel plaintiff. But that misses the central thrust of our proposition is that the reason we're citing those cases is because before Wagner narrowed bank, this court had an understanding of what bank was, and it was a rule that did not go outside the 12B6 stage of litigation. If I could also tackle my friends on the other side's case law, they seem to heavily rely on Lloyd. We do not have any problems with the outcome of Lloyd. The district court applied bank before the summary judgment stage. It was specifically in order to withdraw the special report into the summary judgment stage. Is that an appellate decision or a Southern District of Alabama decision? I believe it's a 2012 Southern District of Alabama decision, unpublished. Okay. It's a district court decision? Yes, Your Honor. Wait. I would also like to go deeper into the idea of bank, and it should also be stressed via Rule 15, not bank legally. It's obvious because justice so required it. The relevant pro se plaintiff in that case had listed the wrong date. All the parties knew he had listed the wrong date. The court mentioned that all the parties knew he had listed the wrong date. If it was at the summary judgment stage, however, it would have been improper to cite bank because bank is, once again, a rule cabin to the 12B6 stage of litigation. But you can just apply the normal understanding of Rule 15 there, as courts throughout the nation do, and we still keep this idea of fairness, and there is no per se rule of this court ordering lower courts to sui sponte direct pro se plaintiffs to amend their deficient complaint. That would be turning lower court judges into advocates where this court explicitly says. Well, nobody is suggesting they direct them to do it. They're just saying you have an opportunity to do it. So that's all we're talking about, whether the court should have given the plaintiff an opportunity to amend, not direct them to amend. Yes, it's a softer action verb, but in Allison v. McGann at 1308, this court taught that you would be turning judges into advocates for pro se or for plaintiffs because the bank rule did not apply at summary judgment stage there. And the court said, and I quote, litigants cannot cast on the district court the burden of prodding them to filing corrective pleadings, prodding, directing, giving them the opportunity. I don't think the action verb actually changes the substance of what's going on. Banks should not apply past the 12B6 stage of litigation. My friends also in their brief say they have a mountain of precedent to support their proposition. However, they have a mountain of unpublished cases. They go on to cite Lloyd, Jones, Johnson. All these are unpublished cases. I'm not exactly sure how precedent in any way supports their proposition. When we have published teachings on this issue. Are they summary judgment cases? No, they're all in the 12B. Lloyd is different, but Johnson and Jones are in the 12B6 stage of litigation. So their unpublished cases do not support their proposition. So all we are asking from this court, Your Honor, the state is asking, is that I merely advise this court to make a narrow ruling and adhere to its published teachings on the issue. The right to amend found in bank has been and can be dutifully applied before the summary judgment stage when it instructs pro se plaintiffs to list the correct defendant. Bank goes no further. Who was the defendant that was added on the motion to add a defendant? Do you know which one of the defendants? Was it Banda or Guilters? I'll say Banda. Banda was added. The bank rule goes no further. And Rule 15 is still present for use if justice so requires. I would also like to point out if this court rules for my friends on the other side, they would be making an odd rule that conflicts with a lot of its civil procedure jurisprudence. A lot of what has been said by the defendants today coheres with the court's civil procedure jurisprudence. A plaintiff may not amend their complaint through argument at the summary judgment stage. This proposition is supported by Moon v. Newsom at 837. This proposition is supported by McCoskey, Georgia Carey, or GeorgiaCarey.org, Inc., and Gilmore v. Gates. I would also like to move to this idea of bodily privacy that my friend on the other side cited. I think he listed Padgett as the case. He also cited Boxer and Fortner for that idea. But Boxer itself says the prisoner's bodily privacy right is very narrow. It must be evaluated on a case-by-case basis. And the principle my friends on the other side try to derive from Boxer and Fortner is that a male prisoner ought to be free from being exposed in the nude in front of a female officer. However, these cases have facts that are light years away from what occurred here. In Boxer, a female officer had a male prisoner masturbate in front of her. And then she used that masturbation as subsequent harassment and blackmail against that male prisoner. Would the law be any different if it was a female being strip searched in the presence of male officers? Would that be any different than what we have in this case, a male prisoner being stripped in the presence of female officers? Would the law be any different? Your Honor, but it's not clearly established still. There's no case law to support that. I see my time is up. I ask this court to uphold the lower court's judgment. All right. Thank you, Mr. Muirhead. And so, I mean, this is a confusing case because of the procedural background. So there never was a motion filed to amend the complaint? That's correct. The substantive allegations, however, the case law, published case law, says that the pro se litigant is not required to file a motion to amend for bank to apply. And what's that published case? Because Lloyd v. Brown is unpublished, right? Right. But as far as the requirement that he file a motion to amend, I think that's in bank. I think it's in Woldeab as well. I would have to look at other cases, but I believe it's present there. If he was given an opportunity to file an amended complaint, could he file an amended complaint that states a cause of action upon which relief could be granted? Yes, he could. Okay. Because why would he, and what would he say in that amended complaint that was not in any prior filed complaints? The only complaint that was considered was his original complaint. He could add additional allegations concerning the third strip search. That's all he's asking for. He wants to add the third strip search. That's correct. He wants to add allegations concerning that strip search. And if I may, Your Honor, see if I have time. And was that on or about the time of the other ones? It was following those. Yes, Your Honor. How far apart? Immediately after the institutional search. So the same day? Yes, ma'am. Yes, Your Honor. Right. So he knew about that at the time he filed his complaint. Yes, Your Honor. Obviously. And I'm looking at the timeline, and I want to make sure I'm understanding this correct because you were helpful about how they had to add a defendant, so I couldn't take the original complaint date. But what I'm seeing here, he did file a motion to add a defendant, right? If I may, Your Honor. Yes. It was not an addition. Defendant Banda was listed originally. He just spelled his name wrong. And so the instruction from the trial court was to order him to correct the spelling so that it could be properly served, not to add a defendant. All right. Well, let me say it another way. Was there a motion to add a defendant, motion to amend, any type of motion by your client? He also moved to add defendants but not in response to any deficiency in his complaint. Right. And what was the ruling on that? He was denied. Okay. And then after that is when on April 1, 22, that the defendant filed the special report, right? That's correct. Okay. So you had almost two years of litigation before the defendant even filed its evidence and special report. I believe that timeline is correct. Yes, Your Honor. Okay. I mean, I understand some things went on, like the motions you just identified. But in no time did he ask to amend his complaint to add the third strip search. That's correct, Your Honor, but I do not believe that he was under the obligation to do so. I promise you, we got you. Your point, okay. We got you to say the district court, sua sponte, should have told him, I'm going to give you an opportunity. I promise you we got that. We got that part. Okay. Well, it sounds like the court could do a lot of sua sponte stuff. It converted the answer to a summary judgment. So if the court can sua sponte convert the defendant's answer to a motion for summary judgment, shouldn't the court also have the authority sua sponte to comply with Bank v. Pitt and give him an opportunity to amend his complaint? Yes, Your Honor. I believe that it should. And if I may give one response to a question Judge Brasher posed concerning the basis for the magistrate judge's report recommendation. This did come after collecting evidence from defense, but the report is clear that it is based, the analysis is based on Horton's complaint, which is only the original complaint. Again, if you look at page 8 of that report, which was adopted in full by the district court, it says based on Horton's complaint, the strip search was conducted as part of an institution-wide search. And then again on page 10, relying on Horton's sworn allegations in his complaint, the scope and justification for the strip search were reasonable. So the court's analysis was not based on evidence gathered by the defense. It was based on Horton's original complaint, and he should have been allowed to amend. Thank you. We have your argument. Thank you. And Mr. Burkhalter, I see that you also were appointed by the court to represent Mr. Horton. The case was well argued on both sides, and I thank you for your service.